# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Craig Olson, and Rachel Olson, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Wilford, Geske & Cook, P.A.,<br><br>    Defendant. | Civil No. 12-1895 (DWF/JJG)<br><br>**MEMORANDUM OPINION AND ORDER** |

_____

Michael S. Hilicki, Esq., The Consumer Advocacy Center, P.C., and Michael G. Phillips, Esq., Phillips Law, PLLC, counsel for Plaintiffs.

Michael A Klutho, Esq., and Michelle Kreidler Dove, Esq., Bassford Remele, PA, counsel for Defendant.

_____

# INTRODUCTION

This matter is before the Court on Defendant Wilford, Geske & Cook, P.A.'s ("Defendant") Motion to Dismiss (Doc. No. 4). For the reasons set forth below, the Court grants Defendant's motion.

# BACKGROUND

Plaintiffs Craig Olson and Rachel Olson ("Plaintiffs") are citizens of Minnesota from whom Defendant attempted to collect a debt arising from Plaintiffs' home mortgage loan. (Doc. No. 1, Compl. ¶ 3.) Defendant is a law firm that represents creditors for the purpose of commencing foreclosure proceedings. (*See id.* ¶¶ 4, 6, Ex. 1 ("Letter").)

As a result of Plaintiffs' default on their loan, Defendant sent Plaintiffs a form collection letter ("Form Letter" or "Letter"), dated March 6, 2012. (Compl. ¶ 6, Letter at 1.) In pertinent part, the Form Letter reads:

> Our office has been retained by Bank of America, N.A. and The Bank of New York Mellon fka The Bank of New York, as Trustee, for The Benefit of the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-33CB Mortgage Pass-Through Certificate, Series 2005-33CB, which is the creditor, or the servicer for the creditor, to which your mortgage debt is owed. Your loan is in default under the terms of your mortgage dated April 28, 2005, and the creditor has referred this matter to our office to commence foreclosure proceedings . . . .
>
> If the current creditor is not the original creditor, and if you notify us in writing within 30 days of the receipt of this letter, we will provide you with the name and address of the original creditor.

(Letter at 1-2.) Plaintiffs do not allege that they contacted Defendant in writing, or otherwise.

Enclosed with the Form Letter was a "Pre-Foreclosure Notice" ("Notice"), which provided Plaintiffs with contact information for an authorized foreclosure prevention counseling agency. (*Id.* at 3-4.) The Notice closes with the following text:

> **THIS NOTICE IS BEING SENT TO YOU ON BEHALF OF BANK OF AMERICA, N.A.**
>
> Sent by: Wilford, Geske & Cook P.A., 8425 Seasons Parkway, Suite 105 Woodbury, MN 55125-4393. Phone (651) 209-3300
>
> **THIS COMMUNICATION IS FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

(*Id.* at 4.)

2

On May 16, 2012, about two months after the date of the Form Letter, Plaintiffs filed a voluntary petition for bankruptcy under chapter 7 ("Bankruptcy Petition"). (Doc. No. 7, Dove Aff. ¶ 2, Ex. A ("Petition").) Attached to Plaintiffs' Bankruptcy Petition was a form entitled "Schedule D – Creditors Holding Secured Claims" ("List of Creditors"). (Dove Aff. ¶ 3, Ex. B ("Creditors List").) Plaintiffs' List of Creditors identifies four entities. (*Id.*) As the creditor for their "2005 Mortgage," Plaintiffs listed "Bank of America." (*Id.*) Plaintiffs also listed "Wilford, Geske, & Cook" as "Collection Agency" and "Law Firm Foreclosing on home." (*Id.*) Additionally, Plaintiffs identified "TCF Home Loans" as the creditor for their "2005 Second Mortgage," and "Affinity Plus Credit Union" as the creditor for their "May 2009 Auto Loan." (*Id.*)

Plaintiffs initiated this lawsuit on August 1, 2012. (Compl.) In their Class Action Complaint, Plaintiffs assert that Defendant's Form Letter violates 15 U.S.C. § 1692g(a)(2) of the Fair Debt Collection Practices Act ("FDCPA") because it fails to identify the creditor to whom the alleged debt is owed. (*Id.* ¶¶ 8-11.) Defendant now moves to dismiss the Class Action Complaint. (Doc. No. 4.)

## DISCUSSION

**I.  Legal Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir.

1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II. Motion to Dismiss

Plaintiffs argue that Defendant's Form Letter fails to comply with the requirements of the FDCPA to the extent that the Letter fails to identify the creditor to whom the alleged debt is owed. Defendant argues that the FDCPA does not apply to Plaintiffs' claim because Defendant "merely initiated proper foreclosure proceedings against Plaintiffs following their default of their mortgage." (Doc. No. 16 at 5.) Defendant further contends that, even if the FDCPA did apply, the creditor is properly

identified in the Letter at issue.  Alternatively, Defendant asserts that Plaintiffs' claim is judicially estopped as a result of Plaintiffs' bankruptcy proceedings.  Because the Court concludes that Defendant's Form Letter contains the information required by 15 U.S.C. § 1692g(a), the Court does not reach Defendant's other arguments.

The FDCPA requires that a debt collector provide written notice of "the name of the creditor to whom the debt is owed."  15 U.S.C. § 1692g(a)(2).  In particular, 15 U.S.C. § 1692g(a) provides:

> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, sent the consumer a written notice containing –
>
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

> The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692a(4).

Here, Plaintiffs do not allege that Defendant sent the Letter to the wrong person or that Defendant attempted to collect a debt that Plaintiffs had already paid. *Contra Owens v. Hellmuth & Johnson, PLLC*, 550 F. Supp. 2d 1060, 1063 (D. Minn. 2008) (noting that 15 U.S.C. § 1692g was intended to address "the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid"). Instead, Plaintiffs appear to contend that the identity of the creditor is not readily apparent as set forth in the Letter, in violation of 15 U.S.C. § 1692g(a)(2). Plaintiffs do not dispute, however, that Defendant's Form Letter satisfies all other requirements of 15 U.S.C. § 1692g(a). Specifically, Plaintiffs claim:

> The Letter violates § 1692g(a)(2) because it does not identify the creditor to which the alleged debt is owed. Instead, the letter states that Wilford has been retained by two different banks (one of which is "fka" another bank), that one or both banks is the trustee "for The Benefit of the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-33CB Mortgage Pass-Through Certificate, Series 2005-33CB," and that one of these entities is either "the creditor, or the servicer for the creditor, to which your mortgage debt is owed." Letter at p. 1 (underscore added). No reader, let alone the unsophisticated consumer, can determine from this Letter which entity is the creditor to which the alleged debt is owed.

(Compl. ¶ 10.)

These allegations, however, do not establish a viable claim under the FDCPA. While the Court acknowledges that the Letter is indeed poorly drafted, represents that Defendant has been retained by both Bank of America, N.A. and the Bank of New York Mellon, and identifies both entities as "the creditor, or the servicer for the creditor," the Letter does in fact "contain" the name of the creditor to whom the debt is owed.

6

Moreover, the Pre-Foreclosure Notice included with the Letter clearly states, in bold, capitalized print: "THIS NOTICE IS BEING SENT TO YOU ON BEHALF OF BANK OF AMERICA, N.A." (Letter at 4.) As evidenced by their Bankruptcy Petition, Plaintiffs were clearly aware that Bank of America was the foreclosing entity and creditor at issue with respect to their mortgage. (Creditors List.) Therefore, even assuming, without deciding, that the FDCPA applies to Plaintiffs' claim here, *see Glazer v. Chase Home Fin., LLC*, --- F.3d ----, 2013 WL 141699 (6th Cir. Jan. 14, 2013), the Court finds that Defendant's Form Letter satisfies the requirements of 15 U.S.C. § 1692g(a).

Because Defendant's Letter contains the name of the creditor to whom the debt is owed, the Court concludes that Plaintiffs have failed to assert a valid FDCPA claim against Defendant. As such, the Class Action Complaint is properly dismissed.

**ORDER**

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant Wilford, Geske & Cook, P.A.'s Motion to Dismiss (Doc. No. [4]) is **GRANTED**.

2. Plaintiffs' Class Action Complaint for Damages for Violation of the Fair Debt Collection Practices Act (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 7, 2013         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge