UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Craig Olson, and Rachel Olson, individually, and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>Wilford, Geske & Cook, P.A.,<br><br>            Defendant. | Civil No. 12-1895 (DWF/JJG)<br><br><br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

_____

Michael S. Hilicki, Esq., The Consumer Advocacy Center, P.C., and Michael G. Phillips, Esq., Phillips Law, PLLC, counsel for Plaintiffs.

Michael A. Klutho, Esq., and Michelle Kreidler Dove, Esq., Bassford Remele, PA, counsel for Defendant.

_____

# INTRODUCTION

This matter is before the Court on Plaintiffs' Motion to Alter or Amend the Judgment Under Federal Rule 59(e) (Doc. No. 23). For the reasons set forth below, the Court denies Plaintiffs' motion.

# BACKGROUND

Plaintiffs initially commenced this lawsuit on August 1, 2012. (Doc. No. 1, Compl.) On February 7, 2013, this Court granted Defendant's motion to dismiss and dismissed Plaintiffs' Class Action Complaint for Damages for Violation of the Fair Debt

Collection Practices Act with prejudice ("February 7 Order").[1] (Doc. No. 21.) The Clerk of Court entered judgment on February 11, 2013. (Doc. No. 22.)

Plaintiffs now move to vacate the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or, in the alternative, seek a dismissal without prejudice. (Doc. No. 23.)

## DISCUSSION

"Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.' Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metro. St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006) (internal quotations omitted); *see also Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir.1998). Relief under Rule 59(e) is granted only in "extraordinary" circumstances. *United States v. Young,* 806 F.2d 805, 806 (8th Cir.1986). The Court has considered the parties' arguments and concludes that the evidence that Plaintiffs purport to be "newly discovered" does not warrant altering or amending the judgment in this case.

Plaintiffs argue that new evidence (i.e., a letter dated February 20, 2013 ("February 20 Letter")) indicates that Bank of America is not the creditor with respect to

---

[1] The allegations contained within Plaintiffs' Class Action Complaint as well as the factual and procedural background of this case are set forth in detail in the Court's February 7 Order. (Doc. No. 21.)

Plaintiffs' loan as previously thought, but rather that Bank of New York Mellon is the owner of the loan. (Doc. No. 25, Olson Aff. ¶ 6, Ex. 2.) Why Plaintiffs waited to inquire as to who owned their loan until February 19, 2013—after the hearing and issuance of the February 7 Order in this matter—is unclear to the Court. (Olson Aff. ¶¶ 3-4.) Nevertheless, on February 20, 2013, Plaintiffs were informed by telephone that "Bank of New York" is the actual creditor to whom their debt is owed. (*Id.* ¶ 5.) Plaintiffs then received the February 20 Letter on February 26, 2013, which confirmed that "BNY Mellon on behalf of CWALT, Inc., Alternative Loan Trust 2005-33CB" is the owner of the loan. (*Id.* ¶ 6, Ex. 2.)

Even assuming that this evidence could not have been obtained by Plaintiffs and presented to the Court prior to the entry of judgment, the February 20 Letter does not change the analysis central to the Court's February 7 Order. The Court reiterates its finding that the form collection letter ("Form Letter" or "Letter") at issue in this lawsuit is indeed poorly drafted. (Doc. No. 21 at 6.) Despite being poorly drafted, however, and as previously recognized by the Court, the Form Letter "represents that Defendant has been retained by both Bank of America, N.A. and the Bank of New York Mellon, and identifies both entities as 'the creditor, or the servicer for the creditor.'" (*Id.*) As such, the Form Letter "does in fact 'contain' the name of the creditor to whom the debt is owed" as required by 15 U.S.C. § 1692g(a). (*Id.*)

It appears to the Court that Plaintiffs are attempting to relitigate the argument they made at the motion to dismiss stage "that the identity of the creditor is not readily apparent as set forth in the Letter . . . ." (*Id.*) As this Court has previously

3

acknowledged, a manifest error of law is created by a disregard, misapplication, or failure to recognize controlling precedent, not by the disappointment of the losing party. *See ProGrowth Bank, Inc. v. Wells Fargo Bank, N.A.*, Civ. No. 07-1577, 2007 WL 4322002, at *5 (D. Minn. Dec. 5, 2007). The Court has already considered and rejected the argument at the heart of Plaintiffs' Rule 59(e) motion. Moreover, Plaintiffs' newly discovered evidence does not merit a reversal of the Court's February 7 Order. Plaintiffs have identified no "extraordinary" circumstances that would warrant the relief requested.

Newly discovered evidence notwithstanding, the Court concludes that Plaintiffs have failed to establish any manifest error of law or fact requiring amendment of the judgment. Accordingly, the Court denies Plaintiffs' motion.[2]

### ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Alter or Amend the Judgment Under Federal Rule 59(e) (Doc. No. [23]) is **DENIED**.

Dated: June 20, 2013            s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge

---

[2] Alternatively, to the extent Plaintiffs' request may be construed as a request for reconsideration of the Court's February 7 Order (Doc. No. 21), Plaintiffs have failed to show compelling circumstances sufficient to permit such a motion. *See* D. Minn. LR 7.1(j).

4